IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT DONOFRIO,

    Plaintiff,

v.                                            No. 23-cv-0302 KG-GBW

SANDOVAL COUNTY DETENTION CENTER, *et al*,

    Defendants.

ORDER OF DISMISSAL

This matter is before the Court following Plaintiff Robert Donofrio's failure to cure deficiencies as directed. Plaintiff is incarcerated and proceeding pro se. He initiated this case on April 6, 2023 by filing a Prisoner Civil Rights Complaint. (Doc. 1) (Complaint). The Complaint was accompanied by a Motion to Proceed *In Forma Pauperis*, but it did not attach a six-month inmate account statement. (Doc. 2). The account statement is required by statute in all cases where, as here, an inmate files a complaint without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(2). By an Order entered June 14, 2023, the Court directed Plaintiff to file the statement within thirty days. (Doc. 3).

The initial deadline to submit an account statement was July 14, 2023. Plaintiff sought an extension, and the Court extended the cure deadline through August 14, 2023. (Doc. 7). The original Cure Order and the Order Granting Extension both warned that the failure to timely comply may result in dismissal without further notice. Plaintiff did not submit an inmate account statement by the extended deadline. Instead, he file a one-line notice updating his address. (Doc. 8). The notice does not allege Plaintiff experienced any mailing issues or otherwise show cause for his failure to comply with the cure deadline. Accordingly, the Court will dismiss the

Complaint without prejudice under Fed. R. Civ. P. 41(b) "for failure to … comply with [civil rules and] court orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *see also Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where plaintiff failed to "address[] the inmate account statement or explain[] his failure to comply with the ordered deadline"). The Court will also deny as moot Plaintiff's pending Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel. (Docs. 2, 5).

IT IS ORDERED:

1. Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) is dismissed without prejudice.

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 5) are denied as moot.

3. The Court will enter a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE